**Filed 9/27/96**

FOR THE TENTH CIRCUIT

RAYMOND MICHAEL PRICE,

      Plaintiff-Appellant-
Cross-Appellee,

v.

REMINGTON PARK INC., an
Oklahoma corporation,

      Defendant-Appellee-
Cross-Appellant.

Nos. 95-6296
95-6306
95-6307
(D.C. No. CIV-94-806-T)
(W.D. Okla. )

ORDER AND JUDGMENT[*]

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.[***]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

[***]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.

Plaintiff Raymond Michael Price, who worked for defendant Remington Park, Inc. as a jockey's valet, brought suit alleging discriminatory discharge and retaliatory discharge, in violation of Title VII and 42 U.S.C. § 1981. The jury rendered a verdict in favor of defendant on the discriminatory discharge claim and a verdict in favor of plaintiff on the retaliatory discharge claim, awarding plaintiff $100 in compensatory damages and $20,000 in punitive damages. Thereafter, the district court granted defendant's motion for judgment as a matter of law (JMOL) as to the punitive damages and set those aside. The district court also denied plaintiff's motion for reinstatement. Plaintiff subsequently filed a motion for attorney fees, to which defendant objected. The district court determined that plaintiff was entitled to a reasonable fee, but reduced the amount awarded to approximately half the amount requested, based on "the result obtained." R. Vol. I at 137.

Plaintiff now appeals the district court's grant of JMOL on punitive damages, its denial of reinstatement, and its reduction of the attorney fee award. Defendant cross-appeals the fee award, arguing that plaintiff recovered only nominal damages and, therefore, is not entitled to any fee, citing Farrar v. Hobby, 506 U.S. 103, 115 (1992). We affirm in part, reverse in part, and remand for further proceedings.

## I. Punitive Damages

Federal Rule of Civil Procedure 50(a) provides that a court may enter judgment as a matter of law on an issue when "there is no legally sufficient evidentiary basis for a reasonable jury to find for th[e] party on that issue." The district court granted defendant's motion for JMOL on punitive damages after concluding that "[n]o evidence establishing the level of misconduct by the defendant necessary to support punitive damages was introduced." R. Vol. I at 131. We review the district court's decision de novo. Sheets v. Salt Lake County, 45 F.3d 1383, 1387 (10th Cir.), cert. denied, 116 S. Ct. 74 (1995).

> In deciding whether to [enter judgment as a matter of law], the trial court must view the evidence most favorably to the party against whom the motion is made, and give that party the benefit of all reasonable inferences. The court may not weigh the evidence or pass upon the witnesses' credibility, or substitute its judgment for that of the jury.

Hurd v. American Hoist & Derrick Co., 734 F.2d 495, 498 (10th Cir. 1984)(citations omitted).

The jury in this case was instructed that it could award plaintiff punitive damages if it found "that the act or omission of the defendant which proximately caused damages to the plaintiff was done with malice or with reckless indifference to the plaintiff's federally protected rights." R. Vol. I at 26. The jury was instructed further that "[a]n act or a failure to act is 'maliciously' done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured

-3-

person individually, or toward all persons in one or more groups or categories of which the injured person is a member," and that "[a]n act or failure to act is 'recklessly' done if done in wanton or callous disregard of, or indifference to, another's rights." Id. at 26-27. Neither party contests the instructions given to the jury on the legal standards for awarding punitive damages here.

We have reviewed the evidence carefully and, while it was greatly conflicting, we conclude that, when construed in the light most favorable to plaintiff, the evidence provides a legally sufficient basis for the award of punitive damages. Therefore, the district court erred in granting defendant's motion for JMOL. On remand, the court should reinstate the jury's award of punitive damages and enter judgment thereon.

## II. Reinstatement

A district court has "considerable discretion in formulating remedies for Title VII violations," Carter v. Sedgwick County, 36 F.3d 952, 957 (10th Cir. 1994), one of which is reinstatement of the employee, 42 U.S.C. § 2000e-5(g). "The award of equitable relief by way of reinstatement rests in the discretion of the trial court and this determination will not be set aside unless we are satisfied that it is clearly erroneous." Bingman v. Natkin & Co., 937 F.2d 553, 558 (10th Cir. 1991). Although we have held that reinstatement is the preferred remedy in

cases of employment discrimination, e.g., EEOC v. Prudential Fed. Sav. & Loan Ass'n, 763 F.2d 1166, 1172 (10th Cir.)(ADEA case), cert. denied, 474 U.S. 946 (1985), we have also recognized that special circumstances may exist that make reinstatement inappropriate, e.g., Anderson v. Phillips Petroleum Co., 861 F.2d 631, 638 (10th Cir. 1988). One such circumstance is extreme hostility in the workplace. Id. Here, the district court determined that reinstatement would not be appropriate "because of the repeated and continuing hostility and antagonism that existed between the plaintiff and others in the work place, a significant part of which was caused by plaintiff's argumentative and confrontational behavior." R. Vol. I at 129. Based upon our review of the record, we cannot say that the district court abused its discretion in denying plaintiff reinstatement.

### III. Attorney Fees

The district court determined that, having prevailed on his retaliatory discharge claim, plaintiff was entitled to a reasonable fee award. The court further determined, however, that plaintiff could not "recoup fees incurred with respect to the prosecution of his discriminatory discharge claim," on which he did not prevail. Id. at 133. The court then ordered plaintiff to identify that portion of his fee request that related to the retaliatory discharge claim. Plaintiff, in turn, responded that he could not separate attorney time spent on the discriminatory

discharge claim from time spent on the retaliatory discharge claim, because both claims "arose out of a common core of facts and involved related legal theories," id. at 90, and "[m]uch of counsel's time was devoted generally to the litigation as a whole," id. at 94 (citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)). Without further explanation of its rationale, the district court determined that "a reduction of the 'lodestar' is necessitated by the result obtained, and that an appropriate award is the amount of $15,000.00." R. Vol. I at 137. This amount was approximately half that requested.

"[T]he district court has discretion in determining the amount of a fee award." Hensley, 461 U.S. at 437. "It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award." Id. District courts should "articulate specific reasons for fee awards to give us an adequate basis for review." Ramos v. Lamm, 713 F.2d 546, 552 (10th Cir. 1983). The district court need not, however, "identify and justify each disallowed hour" or "announce what hours are permitted for each legal task." Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1202 (10th Cir. 1986).

We recently held that, in making adjustments to the lodestar to reflect a party's overall success, "the district court must make a qualitative assessment to determine what less-than-perfect results are 'excellent,' justifying full recovery, or to what extent plaintiff['s] 'limited success' should effect a reduction in the

lodestar." Jane L. v. Bangerter, 61 F.3d 1505, 1511 (10th Cir. 1995)(quoting Hensley, 461 U.S. at 435, 436). As in Bangerter, "[g]iven the coincidental correlation between the ratio of successful to unsuccessful claims and the percentage by which the district court reduced the lodestar," it is not clear that the district court here "assess[ed] the relative importance of plaintiff['s] successes and failures." Id.

Our reversal of the district court's ruling on punitive damages not only puts to rest defendant's argument that plaintiff is not entitled to any fee award, but also changes the assessment of plaintiff's overall success. Therefore, we must remand the issue of attorney fees to the district court for reevaluation. On remand, the district court "should demonstrate on the record its assessment of the losses in light of the time necessarily devoted to the litigation as a whole and the general overall success of plaintiff[]." Id.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

Entered for the Court

Bobby R. Baldock
Circuit Judge